# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NATHANIEL J. DOWNIE, | 2:11-cv-02090-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| NATIONAL SECURITY TECHNOLOGIES, LLC, | **(Motion To Substitute Party #22)** |
| Defendant. | |

Before the court is plaintiff Nathaniel J. Downie's (Deceased) Motion to Substitute Arlisa Jackson as Successor-In-Interest To Deceased Plaintiff Nathaniel J. Downie. (#22). No Opposition was filed.[1]

**A.   Background**

Plaintiff Downie filed his complaint on December 26, 2011, against defendant National Security Technologies asserting claims under Title VII of the Civil Rights Act of 1964. (#1). Defendant filed its answer on February 2, 2012. (#6). On February 9, 2012, the parties filed a proposed discovery plan and scheduling order (#9), which the court signed on the same day (#10). On February 24, 2012, the court issued an order scheduling an Early Neutral Evaluation Conference for March 6, 2012. (#11). On March 7, 2012, the court held the Early Neutral Evaluation Conference and the parties did not reach a settlement. (#12).

---

[1] As discussed below, the court construes defendant's motion to dismiss (#23) as both an opposition to the motion to substitute (#22) and an independent motion to dismiss (#23).

On August 28, 2012, defendant filed a motion for summary judgment. (#14). On October 5, 2012, plaintiff filed an opposition to the motion for summary judgment. (#17). On October 22, 2012, defendant filed a reply in support of the motion for summary judgment. (#18). On March 22, 2013, plaintiff filed a Notice of Death, stating that plaintiff died on February 22, 2013, and that a "motion will be filed pursuant to Fed. R. Civ. P. 25 to substitute Mr. Downie's surviving spouse, in the place and stead of Mr. Downie for purposes of pursuing this matter." (#19). On April 16, 2013, defendant filed a notice of non-opposition to the Notice of Death (#19), asserting that defendant "hereby provides its notice of non-opposition to the Plaintiff's Motion to Substitute dated April 1, 2013.[2]" (#20).

Also on April 16, 2013, the court issued a minute order stating that "[i]n accordance with counsel's Notice of Death of Plaintiff Nathaniel J. Downie filed on March 22, 2013 as Document 19, counsel is directed to file a motion in accordance with Fed. R. Civ. P. 25 to substitute Plaintiff's surviving spouse in the place and stead of Plaintiff for purposes of pursing this matter. In accordance with Fed. R. Civ. P. 25(a)(1), if the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." (#21). On July 2, 2013, plaintiff filed the instant motion to substitute party. (#22). Any opposition was due by July 19, 2013. On July 16, 2013, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 25(a)(1) and 41. (#23). Any opposition is due on or before August 2, 2013.

### B. Motion to Substitute

Rule 25(a)(1) of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." The Notice of Death was filed on March 22, 2013. (#19). The motion for substitution was due on or before June 22, 2013. *See* Fed. R. Civ. P. 25(a)(1).

---

[2] No such motion appears on the court's docket.

The motion to substitute asserts that "[o]n February 22, 2013, Mr. Downie died of a massive heart attack at the age of 62," and that "[h]e is survived by his wife, Arlisa Jackson, and by his adult children." (#22). The motion also asserts that Ms. Jackson "serves as the executrix/administratrix of Mr. Downie's estate," and that substitution of Ms. Jackson as plaintiff in this action is proper under Rule 25. *Id.* The motion states that "under Nevada law, Mr. Downie's three claims for relief pled in his Complaint would survive his passing." *Id* (citing NRS 41.100(1) and 41.100(3)).

Defendant did not file an opposition to the motion to substitute (#22). The motion to dismiss (#23), however, asserts that plaintiff's motion to substitute was untimely under Rule 25(a)(1), and that the complaint should be dismissed for failure to comply with Rule 25(a)(1) and this court's order (#21). The court construes defendant's motion to dismiss (#23) as an opposition to the motion to substitute (#22) and an independent motion to dismiss. The motion to substitute (#22) is pending before this court. To facilitate briefing of the issues in this case, the court grants the motion to substitute for the limited purpose of allowing Ms. Jackson to file a responsive pleading to the motion to dismiss (#23). This order does not rule on the issue of the timeliness of the motion to substitute (#22).

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Nathaniel J. Downie's (Deceased) Motion to Substitute Arlisa Jackson as Successor-In-Interest To Deceased Plaintiff Nathaniel J. Downie (#22) is GRANTED for the limited purpose of allowing Ms. Jackson to file a responsive pleading to the motion to dismiss (#23).

IT IS THEREFORE ORDERED that Ms. Jackson is temporarily substituted as successor-in-interest to deceased plaintiff Nathaniel J. Downie.

DATED this 29th day of July, 2013.

                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE