# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| ARLISA JACKSON, | 2:11-cv-02090-JAD-VCF |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| NATIONAL SECURITY TECHNOLOGIES, LLC, | [Motion to Dismiss (#23)] |
| Defendant. | |

Before the Court is Defendant National Security Technologies, LLC's (hereafter "NSTec") Motion to Dismiss under Federal Rules of Civil Procedure 25(a)(1) and 41. (#23). Defendant National Security Technologies, LLC seeks dismissal of Plaintiff's complaint for failure to file a Motion to Substitute within ninety (90) days after Plaintiff's counsel filed a Suggestion of Death (#19).

**PROCEDURAL BACKGROUND**

Plaintiff Downie filed his complaint on December 26, 2011, against Defendant National Security Technologies asserting claims under Title VII of the Civil Rights Act of 1964. (#1). Defendant filed its answer on February 2, 2012. (#6). On February 9, 2012, the parties filed a proposed discovery plan and scheduling order (#9), which the court signed on the same day (#10). On February 24, 2012, the Court issued an order scheduling an Early Neutral Evaluation Conference for March 6, 2012. (#11). On March 7, 2012, the Court held the Early Neutral Evaluation Conference and the parties did not reach a settlement. (#12).

1

On August 28, 2012, Defendant filed a motion for summary judgment.  (#14).  On October 5, 2012, Plaintiff filed an opposition to the motion for summary judgment.  (#17).  On October 22, 2012, Defendant filed a reply in support of the motion for summary judgment.  (#18).  On March 22, 2013, Plaintiff filed a Suggestion of Death of Plaintiff Nathaniel J. Downie (#19), stating that Plaintiff died on February 22, 2013, and that a "motion will be filed pursuant to Fed. R. Civ. P. 25 to substitute Mr. Downie's surviving spouse, in the place and stead of Mr. Downie for purposes of pursuing this matter." (#19).  On April 16, 2013, Defendant filed a notice of non-opposition to the Notice of Death (#19), containing one sentence, "Defendant National Security Technologies ("NSTec") hereby provides its notice of non-opposition to the Plaintiff's Motion to Substitute dated April 1, 2013."  No such Motion to Substitute appears on the Court's docket.

Also on April 16, 2013, the Court entered a minute order in chambers directing counsel to file a motion in accordance with Fed. R. Civ. P. 25 to substitute Plaintiff's surviving spouse in the place and stead of Plaintiff for purposes of pursuing this matter.  (#21).  The minute order also contained the following warning, "In accordance with Fed. R. Civ. P. 25(a)(1), if the motion is not made within 90 days after service of the statement noting the death, the action by or against the decedent must be dismissed." *Id.*  On July 2, 2013, Plaintiff filed the Motion to Substitute party. (#22).  On July 16, 2013, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 25(a)(1) and 41.  (#23).  The response to the Motion to Dismiss was filed on August 2, 2013 (#25) and the Reply in Support of the Motion to Dismiss was filed on August 12, 2013 (#27).

Ninety (90) days after March 22, 2013, was June 20, 2013.  Plaintiff filed its Motion to Substitute Party on July 2, 2013, twelve days late.  Discovery is complete and Defendant has filed a Motion for Summary Judgment, which is fully briefed.  If Summary Judgment is not granted, The Joint Pretrial Order will be due thirty days after the Court's decision is entered.

**ARGUMENTS**

Defendant argues that in accordance with Fed. R. Civ. P. 25(a)(1) and Fed. R. Civ. P. 41, this case must be dismissed.  (#23).  Plaintiff's counsel did not comply with the 90-day deadline required by Fed. R. Civ. P.25(a)(1) nor did he comply with the Minute Order issued by the Court. In addition, Plaintiff's counsel did not file any type of motion or notice requesting an extension before the original time had expired, nor did Plaintiff's counsel establish that he failed to act due to excusable neglect.  *Id.*

Plaintiff argues this Court has the discretion to extend the 90-day time deadline under Fed. R. Civ.P. 25(a)(1) if there is good cause and if there is no prejudice. (#25).  As one federal appellate court observed, the 90-day period set forth in Rule 25(a)(1) was not intended to act as a bar to otherwise meritorious actions.

Plaintiff further argues that Mr. Downie passed away suddenly on February 22, 2013.  He had no assets subject to probate but this lawsuit. His widow, Arlisa Jackson, with limited resources being further stretched by her husband's sudden passing, has been struggling to hire a probate attorney in Florida. She is trying to hire a Florida probate attorney to assist her in being named by the Florida courts as the administrator of her late husband's estate.  Mr. Downie had adult children from a previous marriage whose rights under Florida estate law are not known to either counsel or to Ms. Jackson.  *Id.*

Plaintiff asserts that the filing of the motion to substitute was postponed to allow Ms. Jackson time to have a Florida probate opened and to have a Florida court name her as the administrator of her late estate that consists of a single asset: this litigation. Ms. Jackson has been diligent in trying to hire an attorney who could assist her notwithstanding her limited budget.  *Id.*

**DISCUSSION**

This is a lawsuit arising from alleged racial harassment and invidious race-based discrimination directed at Nathaniel J. Downie during his employment with NTSec.  Mr. Downie was a pipefitter-

3

welder employed at the Nevada Test Site. He alleges that he was subjected to racial harassment, including use of the N-word. He was confronted with racially charged "cartoon" drawings posted on the company bulletin board. He was laid off due to a low score on the company's "Craft Employee Evaluation Procedure" when a racist supervisor ranked him low on discretionary criteria, despite excellent numbers on the objective criteria.

Courts have consistently interpreted Rule 25(a)(1) as to allow courts discretion to extend the 90-day window for filing of the motion to substitute, or to grant a motion even if it had been untimely filed. According to one federal court, "this court in its discretion may nevertheless extend the 90 day period and grant an otherwise untimely motion to substitute a party defendant." *Nat'l Equip. Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510, 24 Fed. R. Serv. 2d (Callaghan) 671 (E.D.N.Y. 1977). "Absent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted." *Id.*, see also *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21, 22 (W.D. Pa. 1984). As held by the Tenth Circuit, "A discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action." *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974) (emphasis added) (citing 3B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 25.06[3] (2d ed. 1974).

As similarly stated by the District of Columbia Circuit: "The 90-day limitation, we note, may be subject to extensions or exemptions when good cause is shown therefor and the party opposing substitution has not been prejudiced by the delay." *McSurely v. McClellan*, 753 F.2d 88, 98 n.5 (D.C. Cir. 1985). Thus, as held by the Second Circuit, " Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292,

4

296 (2d Cir. 1966) (citing 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 25.01-02 (2d ed. 1965 Supp.).

NTSec has not been prejudiced by the twelve day delay in filing the Motion to Substitute. Discovery is complete.  Defendant's Motion for Summary Judgment was pending at the time of Mr. Jackson's death, and is fully briefed.  No trial date is set.

The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Although Plaintiff undisputedly missed the deadline in filing the motion to substitute, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."  *Foman v. Davis*, 371 U.S. 178, 181 (1962).

Plaintiff's counsel has provided an explanation for his delay in filing the Motion to Substitute. The record here does not support a finding of bad faith on his part.  Although not discussed by either side, NTSec's filing a Notice of Non-opposition (#20) referencing an April 1, 2013, Motion to Substitute, which does not appear on the Court's docket, indicates some confusion on both sides with regard to this issue.  At a minimum, it is fair to hold NTSec to its position and allow the case to proceed with a substituted Plaintiff.

**RECOMMENDATION:**

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that the Motion to Dismiss (#23) be DENIED.  The case will be allowed to proceed on the merits with Arlisa Jackson substituted for the Plaintiff as the successor-in-interest on the claims asserted by her deceased husband in this action.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE